BOYLE v. PENNSYLVANIA R. CO.

(District Court, E. D. Pennsylvania.   March 9, 1915.)

No. 3388.

1. NEW TRIAL ⬫157—MOTION—PREJUDICIAL ERROR—PRESUMPTION.

On a motion by plaintiff for a new trial because of error in the instructions in the case, in which two issues were submitted to the jury, it must be assumed that the jury found for the defendant on the issue to which the criticized instruction related, especially where the charge practically stated that there could be no finding on the other issue, if that issue was found for defendant.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 314, 317, 318; Dec. Dig. ⬫157.]

2. MASTER AND SERVANT ⬫276—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT.

There can be no recovery under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657-8665]), allowing recovery for the injury or death of an employé, where the employer at the time was engaged in interstate commerce and the employé was employed in such commerce, for the death of a car inspector, who was inspecting a train which ran on a division of an interstate railroad wholly within the state, when he was struck and killed by another train of the same division, and where there was no evidence that any passenger or baggage on either train was destined for a point in another state though the time-tables of the company expressed a readiness to transport interstate passengers over that division and transfer them to interstate trains, since there can be no recovery under that act, unless there is proof both that the carrier was engaged in interstate commerce and that the employé was employed in such commerce at the time of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950-952, 954, 959, 970, 976; Dec. Dig. ⬫276.]

At Law.   Action by Catherine Boyle, administratrix, against the Pennsylvania Railroad Company.   Verdict for defendant, and plaintiff moves for a new trial.   Motion dismissed.

Rearick & Illoway, of Philadelphia, Pa., for plaintiff.
John Hampton Barnes, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   [1] The verdict of the jury in this case was for the defendant.   There were two questions of fact submitted to the jury.   One was the usual question or series of questions of negligence.   The other was whether, at the time the plaintiff's decedent was injured, he was "employed in interstate commerce."   No just complaint can be made of the finding as the questions to be decided were presented to the jury.   Whatever complaints are made

must therefore raise appellate questions. If any just grounds of complaint exist, they are to be found in the instructions given to the jury. No others can be raised. The grounds of complaint are further narrowed to the instructions given to the jury bearing upon the interstate fact in the case. Fairness to the plaintiff requires us to assume that the finding of the jury was against the plaintiff upon this fact. Moreover, the charge was the equivalent of instructing them that there could be no finding of negligence unless the action was based upon the act of Congress. We therefore confine ourselves to this feature.

[2] A statement of the facts in this aspect of the case, broadly outlined, is this:

The defendant company owns and operates as part of its system what is known as the Schuylkill Valley division. This is in part, if not primarily, an instrument of intrastate commerce; its operations being physically confined to within the limits of the state of Pennsylvania. Its eastern terminus is at Broad Street station, in the city of Philadelphia. It may be assumed as a fact that there, and also at the West Philadelphia station, which is a station on the Schuylkill division line in common with other lines, facilities are afforded for the transfer of passengers to other trains, some, and indeed most, of which cross state lines in their movements. It is part of the business of the defendant company to undertake to carry passengers from any point on the Schuylkill division to any point on any of its other lines beyond the limits of the state of Pennsylvania. This is done by transferring the passengers at convenient points on the Schuylkill division to trains on other divisions. Such contracts of carriage are made by the company and evidenced by the issuance of tickets sold to any such intending passenger at any of the ticket offices of the company maintained on what for the purposes of this case may be called the local state road.

The plaintiff's decedent was employed by the defendant company. The company was at the time a common carrier doing an interstate as well as an intrastate business. The employment of the decedent was, however, a special one. His duties were to inspect the cars on all trains stopping at the station where his services were performed, to see that they were in condition for use. At the time he met his death he was so employed at the Phœnixville station, or yard. At this point the railroad changes from a single track to double tracks. Trains coming from the west pass over a switch a short distance west of the station. At the station there is a double system of tracks. The east and west bound trains here each uses the track on its right-hand side. The rule enforced is that a west-bound train at the station should clear before the east-bound train comes to the station. If this rule was observed, the trains would not pass each other at or opposite the passenger station where the decedent performed his work.

The theory for the plaintiff may in broad general terms be stated to be that the decedent, while engaged at his work of inspecting the west-bound train, was negligently struck by the east-bound train,

which ran up to the station in violation and disregard of the rule above mentioned. The case was tried for the plaintiff on the further theory that, if the trains causing decedent's death were carrying passengers or luggage whose destination was beyond the Pennsylvania state line, the defendant company was "engaged in interstate commerce," and the decedent "employed in such commerce," within the meaning of the acts of Congress on the subject of carrier's liability to employés. Failing in this, they fell back upon the theory that, as the company was engaged in the interstate business of carrying passengers or luggage across the state line, it was "engaged in interstate commerce," whether it had contracted to carry any passenger on the particular trains involved beyond the state line or not, and that it was doing such interstate business was evidenced by the fact that it advertised by its time-tables its willingness and readiness to transport passengers beyond the state line by means of transferring them to other trains at designated points on that part of its line which was within the state of Pennsylvania.

The plaintiff attempted to establish the fact of an interstate business being actually done on the particular trains referred to by compelling the production of all the tickets taken up from passengers on the train. There was nothing to justify a finding that any one of these passengers or any luggage on the train was being transported across the state line. So far as the evidence with respect to this fact openly disclosed it, the condition of the evidence called for binding instructions to the jury to find in favor of the defendant. For reasons which are now of no importance, the trial judge, however, submitted the question to be found as a fact by the jury. The plaintiff clearly cannot complain of this submission, and the whole complaint must now be directed to the propositions that the court should either have found this fact in favor of the plaintiff and confined the findings of the jury to the questions of negligence involved, or should have instructed them that they could find the defendant to be "engaged in interstate commerce" and the decedent so employed because the train schedules of defendant contain the information that passengers might be transferred at certain points to other trains and be thus carried beyond the state limits of Pennsylvania.

It is the latter proposition for which we understand counsel for plaintiff to now contend. If the act of Congress is confined to the fact of "transportation," it is admitted that it does not apply to the instant case. Counsel contend, however, that the act carries a broader meaning, and is to be applied to all cases in which the defendant is engaged in interstate commerce as a business, whether at the immediate moment "transporting" interstate passengers or not. The distinction here sought to be made is claimed to find support in the Pedersen Case, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153. It is further claimed that this case is in conflict with and overrules a number of cases decided in the District Courts. This argument based upon the divergence of view between the District Courts and the Supreme Court seems to overlook the point at which the divergence takes place. The application of the act of Con-

gress is made to turn upon two facts. The death or injury to the employé. must have been caused while the defendant company was a common carrier "engaged" in interstate commerce and while the employé was "employed" in such commerce. The thought embodied in the Pedersen Case as finally ruled is that an employé who is at work on or about any instrument then in use as an instrument of interstate commerce is employed in such commerce, and being so employed is entitled to the protection given by the act of Congress from injuries caused by the carrier employer, whether the thing by which he is injured is also in use as an instrument of interstate commerce or not. We do not understand that the necessity for the presence of the two things required by the act of Congress has been denied by any ruling of the Supreme Court. On the contrary, we understand that, although this duality of conditions is not necessary to the exercise of the power of Congress, yet this very case recognizes both conditions to have been incorporated in the act by Congress. We think the instructions given the jury were in accord with the Pedersen Case and are supported by Railroad Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, and Hench v. Railroad, 246 Pa. 1, 91 Atl. 1056.

The motion for a new trial cannot safely be based upon the averment of after-discovered evidence. The plaintiff has not brought, and it is clear cannot bring, herself within the well-established rule on this subject.

The motion for a new trial is therefore dismissed, and defendant has leave to move for judgment on the verdict.